WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Dobos, *et al.*, | No. CV-20-02094-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| American Strategic Insurance Corporation, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs Samuel and Georgiana Dobos's Motion to Remand (Doc. 9, Mot.), to which Defendant American Strategic Casualty Company filed a Response (Doc. 12, Resp.) and Plaintiffs filed a Reply (Doc. 13, Reply). For the reasons that follow, the Court grants Plaintiffs' Motion and remands the case to state court.

**I.  BACKGROUND**

Plaintiffs entered into an insurance agreement with Defendant in which Defendant agreed to cover damage to Plaintiffs' dwelling and personal property under the terms of the agreement. After Plaintiffs sustained damage to their home in a storm, Plaintiffs filed a claim with Defendant. Plaintiffs allege that Defendant failed to adequately investigate the claim and fully indemnify Plaintiffs for their loss, and Plaintiffs now raise claims of breach of contract and the covenant of good faith and fair dealing against Defendant, seeking compensatory and punitive damages as well as attorneys' fees. (Doc. 1-1 at 6-12, Compl.)

Plaintiffs originally filed this case in Maricopa County Superior Court, and Defendant timely removed the action under 28 U.S.C. § 1441, asserting diversity of

citizenship as the basis for federal subject matter jurisdiction. (Doc. 1, Notice of Removal ¶ 9.) Plaintiffs now request that the Court remand this case to state court, arguing that Defendant cannot demonstrate the requisite amount in controversy to support this Court's subject matter jurisdiction.

## II. LEGAL STANDARD

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Supreme Court has concluded that, under § 1446(a), a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* "[D]iversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Indus. & Servs of Md.*, 179 F.3d 754, 757 (9th Cir. 1999).

When a defendant's assertion of the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 135 S. Ct. at 554; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount.").

The Ninth Circuit has noted that the Supreme Court did not decide the procedure for each side to submit proof, leaving district courts to set such procedure. *See Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199–1200 (9th Cir. 2015) (citing *Dart Cherokee Basin*, 135 S. Ct. at 554). "[E]vidence may be direct or circumstantial," and "a damages

assessment may require a chain of reasoning that includes assumptions." *Id.* at 1199. "When this is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* In making an amount-in-controversy determination, courts may consider, *inter alia*, evidence of jury awards or judgments in similarly situated cases, settlement letters, affidavits, and declarations. *See, e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 & n.4 (D. Ariz. 2003).

## III.  ANALYSIS

The Court notes at the outset that Defendant's Notice of Removal conclusorily alleges that Defendant "has a good faith basis to believe that the damages sought by Plaintiffs exceed $75,000, exclusive of interest and costs." (Notice of Removal ¶ 8.) In their Motion, Plaintiffs contend that their compensatory damages in this case amount to only $31,735.47, well below the jurisdictional threshold of $75,000. (Mot. at 2.) In response, Defendant argues that the jurisdictional threshold is met by considering the punitive damages Plaintiffs seek, which can be as high as four times the compensatory damages award under Arizona case law. (Resp. at 4.) Defendant also argues that Plaintiffs further seek attorneys' fees, and that Plaintiffs acknowledged in state court that their damages are at least $50,000 by averring that the case was not subject to compulsory arbitration in state court. (Resp. at 4.)

### A.  Punitive Damages

Although punitive damages may be included in determining the amount in controversy, "the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy is met." *Burk v. Med. Savs. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Defendant must present evidence that a punitive damages award will more likely than not thrust the total amount in controversy over the jurisdictional threshold of $75,000. This is often done by comparisons to analogous cases that have returned verdicts of over $75,000 with punitive damages. *Id.*

1  Defendant has failed to point to any fact or analogous case suggesting the amount of a punitive damages award in this case. The only argument Defendant makes pertaining to punitive damages is that a punitive damages award may be as large as four times the compensatory damages award in an insurance bad faith case. (Resp. at 2-3 (citing *Nardelli v. Metro. Grp. Prop. & Cas. Ins. Co.*, 277 P.3d 789 (Ariz. Ct. App. 2012).) "Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages." *Burk*, 348 F. Supp. 2d at 1069 (quoting *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998)); *see also Dukes v. Twin City Fire Ins. Co.*, No. CV-09-2197-PHX-NVW, 2010 WL 94109, at *3 (D. Ariz. Jan. 6, 2010) ("Defendant has entirely failed to cite to and compare the facts of Plaintiff's case to other cases where bad faith or punitive damages have been awarded. Defendant therefore has not produced sufficient evidence, or any evidence, that punitive damages take the amount in controversy beyond $75,000."). Defendant has thus failed to adequately demonstrate a punitive damages award amount that would push the total damages to a sum greater than $75,000.

**B.  Attorneys' Fees**

Attorneys' fees may be included in computing the amount in controversy where an underlying statute authorizes an award. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Arizona law authorizes a discretionary award of attorneys' fees in contract actions and for related bad faith claims. A.R.S. § 12-341.01; *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1142 (Ariz. 1982).

Like its approach to punitive damages, Defendant has produced nothing to support its contention that attorneys' fees will push the amount in controversy over $75,000, including no estimate of the number of hours that may be spent on the case or a typical hourly rate. As with punitive damages, the Court is unacceptably left guessing uncertainties. *See Dukes*, 2010 WL 94109, at *3. ("Defendant has presented no evidence

of Plaintiff's current or future amount of attorneys' fees. The extent of Defendant's argument is that '[a]ttorneys' fees may well exceed the $75,000 jurisdictional limit.' Such a speculative and unsupported statement does not sufficiently demonstrate a past or future amount of attorneys' fees in controversy.").

### C. State Court Filings

Finally, Defendant summarily argues that Plaintiffs' state court filing is evidence that Plaintiffs seek more than $75,000. Cases filed in Arizona state court are automatically submitted to compulsory arbitration if the monetary damages sought are below a particular jurisdictional threshold set by each county. Ariz. R. Civ. P. 72(b). In Maricopa County, that threshold is $50,000. Plaintiffs filed a Certificate on Compulsory Arbitration in which they certified that the case was *not* subject to compulsory arbitration. Defendant also mentions Plaintiffs' certification that the case be placed in Tier 2 of the state court's tiered system for discovery. Tier 2 certification "is applicable where a plaintiff is claiming more than $50,000 and less than $300,000 in damages."

These two filings do nothing more than show Plaintiffs' claims are likely worth more than $50,000, which is still short of the jurisdictional threshold. *See Welsh v. New Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1010 (D. Ariz. 2012). The Court acknowledges that the $50,000 compulsory arbitration threshold excludes attorneys' fees. Ariz. R. Civ. P. 72(b)(2). However, as the Court explained above, Defendant presented no facts going to a determination of an attorneys' fees award in this case. The Court cannot speculate to fill this gap.

**IT IS THEREFORE ORDERED** granting Plaintiffs' Motion to Remand (Doc. 9). The Clerk of Court is directed to remand this matter to Maricopa County Superior Court without delay.

Dated this 1st day of July, 2021.

Honorable John J. Tuchi
United States District Judge